**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BRANDI LYNN STEFANICK,     )
                                  )
               Plaintiff,     )     Civil Action No. 13-1321
                                  )
         v.               )     Judge Cathy Bissoon
                                  )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social Security,     )
                                  )
            Defendant.     )

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons stated below, Plaintiff's Motion for Attorney Fees Under the Equal

Access to Justice Act ("EAJA") (Doc. 15) will be denied.

**BACKGROUND**

On September 10, 2013, Brandi Lynn Stefanick ("Plaintiff") initiated this action against

the Commissioner of Social Security ("Commissioner") seeking review of the unfavorable

decision issued by the Administrative Law Judge ("ALJ"). In particular, Plaintiff challenged the

ALJ's determinations regarding both her mental and physical residual functional capacities

(RFCs). Plaintiff argued that the ALJ erred in failing to seek the opinion of any medical expert

when assessing her physical RFC, and that the ALJ erred in weighing the opinion evidence as it

related to her mental impairments. On September 30, 2014, the Court entered an Order

(Doc. 13) granting Plaintiff's Motion for Judgment on the Pleadings and remanding the case for

further administrative proceedings. In doing so, the Court rejected Plaintiff's argument

regarding her mental RFC, but found that the ALJ's determination as to her physical RFC was not supported by substantial evidence.

Thereafter, Plaintiff filed the instant Motion for Attorney Fees (Doc. 15), pursuant to the EAJA, seeking fees in the amount of $6,673.57. The Commissioner filed a Brief in Opposition (Doc. 18), to which Plaintiff has filed a Reply (Doc. 25). In opposing Plaintiff's request for fees, the Commissioner argues that its position was substantially justified, and therefore Plaintiff is not entitled to fees under the EAJA. The Court agrees with the Commissioner, and therefore the will deny Plaintiff's motion.

## ANALYSIS

Under the EAJA, the Court shall award fees and other expenses incurred during a civil action to a prevailing party other than the United States, "unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "A position is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Williams v. Astrue, 600 F.3d 299, 301-02 (3d Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). In other words, the government's position "is substantially justified if 'it has a reasonable basis in both law and fact.'" Id. at 302 (quoting Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir.1993)). The government bears the burden of establishing substantial justification. Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998). To meet this burden, the government must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Id.

"[A] court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." Williams, 600 F.3d at 302. Rather, "if the case turns on an unsettled or 'close' question of law, the Government's position will normally be substantially justified notwithstanding the fact that its legal position is ultimately rejected." Valladolid v. Comm'r of Soc. Sec., 29 Fed. Appx. 861, 863-64 (3d Cir. 2002) (citing Washington v. Heckler, 756 F.2d 959, 961-62 (3d Cir. 1985)). Moreover, "a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified." Williams, 600 F.3d at 302. Instead, the Court must "arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action." Id. (citations omitted).

Here, the Commissioner argues that its position was substantially justified because the law regarding the necessity of medical opinion evidence is, at the very least, not clearly settled in Plaintiff's favor. In support of this argument, the Commissioner asserts that other judges in this district "have held that a medical opinion is not required for the ALJ to make an RFC assessment." In making this argument, the Commissioner has cited to one case, Callahan v. Colvin, 2014 WL 7408700, at *1, n.1 (W.D. Pa. Dec. 30, 2014), in which the Court found that the ALJ's determination as to a claimant's mental RFC was proper, despite the absence of any medical opinion on the Plaintiff's mental ailments.[1] While the Court disagrees that Callahan is directly analogous to the instant case, given that the ALJ here interpreted raw medical data, namely MRI results, to form Plaintiff's physical RFC, the Court recognizes that the case law regarding the necessity of a medical opinion is unsettled. As such, the Court cannot say that the Commissioner

---

[1] While the Commissioner cited various other opinions for this notion, Callahan is the only case cited by the Commissioner that actually addressed the situation in which the record was void of any medical opinion on the relevant ailment.

was unreasonable in asserting that a medical opinion was unnecessary during the course of this litigation. Therefore, while the Court ultimately rejected the Commissioner's arguments under the particular circumstances of this case, the Court finds that the Commissioner's position had a reasonable basis in both law and fact.

Moreover, in making a determination as to whether the Commissioner's position was substantially justified, the Court is to view the case in the totality of the circumstances. See Williams, 600 F.3d at 302. While the Court ultimately remanded the case for further proceedings regarding Plaintiff's physical RFC, the Court found the ALJ's determination as to Plaintiff's mental RFC to be supported by substantial evidence. Indeed, the majority of the record in this case dealt with Plaintiff's mental, rather than physical, ailments.

In these circumstances, the Court finds that the Commissioner has met its burden in showing that its position in this case was substantially justified. Consistent with the foregoing, the Court hereby enters the following:

## II. **ORDER**

Plaintiff's Motion for Attorney Fees (**Doc. 15**) is **DENIED.**


September 29, 2015                                  s\Cathy Bissoon_____
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record